UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br><br>**DAVIS, JOHN ALLEN**,<br>　　　　　　　　　　　**Debtor.**<br><br>**MERLYN PROFFITT**,<br>　　　　　　　　　　　**Plaintiff,**<br>v.<br><br>**JOHN ALLEN DAVIS**,<br>　　　　　　　　　　　**Defendant.** | Case No. 05-10395-R<br>Chapter 7<br><br><br><br><br>Adv. No. 05-01075-R |

Filed/Docketed
August 18, 2006

### ORDER DENYING DEBTOR'S MOTION FOR EXTENSION
### OF TIME TO FILE AN APPEAL DUE TO EXCUSABLE NEGLECT

Before the Court is the Debtor's Motion to Allow to Appeal [sic] Out of Time Due to Excusable Neglect (Doc. 45) (the "Motion") filed by Defendant Debtor John Allen Davis ("Davis") on July 3, 2006, and Plaintiff's Response in Opposition to Defendant's Motion to Allow to Appeal (sic) Out of Time Due to Excusable Neglect (Doc. 46) (the "Objection") filed by Plaintiff Merlyn Proffitt (the "Plaintiff") on July 18, 2006.  In the Motion, Davis seeks an order allowing him to file a notice of appeal out of time.  The Plaintiff contends that Davis is not entitled to an extension of time to file a notice of appeal because Davis failed to establish "excusable neglect" in accordance with Federal Rule of Bankruptcy Procedure 8002(c).

On June 2, 2006, the Court entered a Judgment in favor of the Plaintiff and against Davis on the Plaintiff's Complaint Objecting to Discharge of Debtor John Allen Davis (Doc.

42) (the "Judgment").  Bankruptcy Rule 8002(a) provides that a notice of appeal "shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."  Fed. R. Bankr. P. 8002(a).  Davis filed the Motion on July 3, 2006, twenty days after the expiration of the time for filing a notice of appeal.[1]  Bankruptcy Rule 8002(c)(2) provides that –

> [a] request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.

Fed. R. Bankr. P. 8002(c)(2).  Davis's Motion was filed after the ten-day filing period had run but within the twenty day period allowed for filing an extension.  Thus, Davis's Motion is timely if the Court determines that Davis has established excusable neglect.

Davis contends that he is entitled to relief due to the "excusable neglect" of his counsel prior to and during the trial on the merits.  Specifically, Davis asserts that his counsel "failed to follow through on issued directives regarding [Davis's] defense[,]" "refused to allow certain documents [to be] admitted as evidence," and was careless by not thoroughly eliciting testimony from Davis and another witness.  Motion at 1-3.  None of the allegations relate to Davis's failure to timely file the Motion.  Davis failed to set forth grounds upon which the relief sought might be based.  Moreover, Davis failed to cite any legal authority.  Bankruptcy Rule 9013 requires a movant to set forth the grounds for the movant's motion

---

[1] Although Davis was represented by counsel prior to and during the trial, he filed the Motion pro se.  The Court assumes that Davis's use of the term "excusable neglect" in the title of his Motion is a reference to the standard set forth in Rule 8002(c)(2) of the Federal Rules of Bankruptcy Procedure.

"with particularity[.]" Fed. R. Bankr. P. 9013. Davis failed to allege any reason why the Motion was not timely filed.

In Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), the United States Supreme Court established a four part equitable balancing test to determine whether "excusable neglect" justified an extension of time under Bankruptcy Rule 9006(b)(1) to rescue a late-filed proof of claim from disallowance.[2] The Supreme Court suggested that "excusable neglect" should assume a uniform meaning wherever the term is used in federal procedural rules. See id. at 391 (Fed. R. Civ. P. 6(b)), 392 (Fed. R. Civ. P. 13(f)), 392 n.9 (Fed. R. Crim. P. 45(b)), and 393 (Fed. R. Civ. P. 60(b)(1)). Thus, the Pioneer interpretation of "excusable neglect" is relevant in determining whether a tardy notice of appeal is the result of "excusable neglect" and whether the defect may be cured by an order granting an extension of time to file the notice of appeal under Bankruptcy Rule 8002(c)(2). See Berger v. Buck (In re Buck), 220 B.R. 999, 1003 (B.A.P. 10th Cir. 1998).

Excusable neglect permits a court to accept a late filing "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer, 507 U.S. at 390-92. While "neglect" encompasses negligence, inadvertence, mistake and carelessness on the part of a litigant or its counsel, Pioneer, 507 U.S. at 388, a finding that such "neglect" is "excusable" is required before relief from such neglect may be

---

[2] Bankruptcy Rule 9006(b)(1) authorizes a court to permit filing of a pleading after a deadline by retroactively enlarging the time for filing "on motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1).

granted. Id. at 395.  "[A]ll relevant circumstances surrounding the party's omission" must be taken into account, including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395.  Further, "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. at 392 (footnote and citation omitted).

In the Motion, Davis failed to articulate any reason why the Motion was untimely filed.[3]  Davis's assertions that his counsel did not adequately represent him prior to and during trial do not constitute explanations or excuses for his failure to later file a timely motion.  Davis failed to allege that he neglected to file a timely motion due to "negligence, inadvertence, mistake [or] carelessness[.]" Pioneer, 507 U.S. at 388.  There is no evidence of any intervening circumstances that caused Davis's delay in filing a timely motion.  Even if Davis's counsel provided inadequate representation, Davis failed to establish how such condition hindered him from filing a timely motion.  Because Davis failed to set forth any

---

[3] Although Davis did not allege that he neglected to file a timely motion due to his pro se status, "a *pro se* debtor's late filing of notice of appeal does not constitute excusable neglect." Shields v. Standard Fed. Sav. Bank (In re Shields), 150 B.R. 259, 261 (D. Colo. 1993)(citation omitted). Pro se parties must "'follow the same rules of procedure that govern other litigants.'" Nielsen v. Price, 17 F. 3d 1276, 1277 (10th Cir. 1994), *quoting* Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992)(other citations omitted); see also Furst v. Furst (In re Furst), 206 B.R. 979, 981 (B.A.P. 10th Cir. 1997 (pro se appellant's lack of advice of counsel did not relieve him of the responsibility to follow the same rules of procedure as represented parties).

4

reason why he neglected to file a timely motion, the Court finds that Davis failed to establish "excusable neglect" pursuant to Federal Rule of Bankruptcy Procedure 8002(c).

For the above reasons, the Motion is **denied.**

**SO ORDERED** this 18th day of August, 2006.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE